IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINA BROJAKOWSKI<br>59 Queen Eleanor Drive<br>Elkton, MD 21291 | :<br>:<br>:<br>: | CIVIL ACTION |
| Plaintiff, | :<br>: | No.: _____ |
| v. | :<br>: | |
| COPE ENTERPRISES, LLC *d/b/a*<br>DUNKIN DONUTS<br>33 A W Side Mall<br>Edwardsville, PA 18704 | :<br>:<br>:<br>:<br>: | JURY TRIAL DEMANDED |
| Defendant. | :<br>: | |

**CIVIL ACTION COMPLAINT**

Christina Brojakowski (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Cope Enterprises, Inc. *d/b/a* Dunkin Donuts (*hereinafter* "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200(d) *et. seq*) and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under the ADA. Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA.

## JURISDICTION AND VENUE

2. Plaintiff resides in and is a citizen of Maryland.

3. Cope Enterprises, LLC *d/b/a* Dunkin Donuts is incorporated under the laws of Pennsylvania with headquarters and/or principal place of business in same, rendering them citizens of Pennsylvania.

4. The United States District Court for the Middle District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship, as Plaintiff is a citizen of Maryland, Defendant is a citizen of Pennsylvania, and the amount in controversy exceeds $75,000.

5. This action is also being initiated pursuant to federal law (Title VII) and therefore, the United States District Court for Middle District of Pennsylvania also has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

6. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

7. Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Plaintiff worked for Defendant in Pennsylvania, *all actions underlying this case occurred in Pennsylvania*, and because Defendant's principal place of business is in Pennsylvania.

8. Plaintiff is proceeding herein (in part) under Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is an adult individual with an address set forth in the caption.

11. Cope Enterprises, Inc. *d/b/a* Dunkin Donuts is a corporation that owns and operates several Dunkin Donuts franchises in Pennsylvania, with one such franchise located at the address in the above-caption. Plaintiff was hired from and worked out of this address.

12. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff is an adult female.

15. Plaintiff was employed by Defendant as a Coffee Crew Member for a brief period of time (approximately two days) in March of 2020.

16. Plaintiff was informed by Defendant's Store Manager, Jessica (last name unknown, *hereinafter* "Jessica") that she would start work on a Saturday, March 7, 2020.

17. When Plaintiff reported to work on March 7, 2020 from 7:00 a.m. until 11:00 a.m., she was tasked with watching training videos. At the end of the day, Jessica told Plaintiff to return the next day (Sunday) at 7:00 a.m.

18. When Plaintiff arrived to work on Sunday, March 8, 2020, Jessica informed her that she would again be watching training videos but that she also wanted Plaintiff on the store floor and gave her two shirts and a name badge.

19. Plaintiff watched training videos for the first portion of the day, on or about March 8, 2020, and then was instructed to go on the floor and be trained by two individuals.

20. One of the individuals who trained Plaintiff on the floor on or about March 8, 2020, was a male,[2] who proceeded to make Plaintiff feel extremely uncomfortable during the short time period that she was scheduled to work with him, and subjected her to unwelcomed severe and/or pervasive sexually harassing and offensive comments and touching. By way of example, but not intended to be an exhaustive list, the male employee:

   a. Made several sexually offensive jokes (including jokes about ejaculation) to Plaintiff;

   b. Got kept getting extremely close to Plaintiff all day, brushing up against her; and

   c. Came from behind Plaintiff and grasped the sides of her body while she was pushed up against the counter.

21. While training with the male employee on or about March 8, 2020, Plaintiff tried her best to either ignore his aforementioned unwanted harassment or indicate through her

---

[2] Plaintiff is unsure of the male employee's name, as she only worked with him very briefly one day.

4

complaints – telling him to not touch her – that she was uncomfortable with his sexual advances, comments, and touching, but he refused to stop.

22.     Plaintiff immediately reported the male co-worker's inappropriate sexual behavior to Jessica, and Jessica replied that she would speak to him.

23.     At the end of Plaintiff's shift on or about March 8, 2020, Plaintiff asked Jessica what her hours were for the rest of the week and Jessica indicated that she had not placed Plaintiff on the schedule yet, but would do so later that day and call her.

24.     However, Plaintiff was never put on the schedule and after a few days of being given the run around regarding the status of her employment, Plaintiff was officially told by Jessica that she was terminated without any reasonable explanation given for her termination.

25.     Even though Defendant's management knew a male co-worker had sexually harassed Plaintiff (which upon information and belief is a terminable offense), they did not take any meaningful remedial action to correct his behavior and, upon Plaintiff's information and belief, he reamined employed with Defendant following Plaintiff's termination.

26.     Plaintiff believes and therefore avers that she was really subjected to a hostile work environment and terminated because of her gender and/or complaints of sexual harassment (as discussed *supra*).

## COUNT I
## Violations of Title VII
**([1] Gender Discrimination; [2] Sexual Harassment/Hostile Work Environment; and [3] Retaliation)**

27.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. During her tenure with Defendant, Plaintiff was subjected to severe and/or pervasive sexual gestures, comments, and touching by a male co-worker such that she was subjected to a hostile work environment.

29. The male co-worker's harassment of Plaintiff interfered with Plaintiff's work and as a result she was forced to complain of said sexual harassment to Defendant's management, in advance of her termination.

30. On or about the second week of March of 2020, Plaintiff was abruptly terminated in close proximity to her complaints of sexual harassment.

31. Plaintiff believes and therefore avers that she was subjected to a hostile work environment and terminated because of her gender and/or in retaliation for her complaints of sexual harassment (as discussed *supra*).

32. These actions as aforesaid constitute unlawful violations under Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

33. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

34. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

35. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

36. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

37. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

38. Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: October 21, 2020